# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFERY R. YATES,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-422

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE; (2) *PRO SE* PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND BE DENIED; AND (3) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal brought *pro se*. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 16), the Commissioner's memorandum in opposition (doc. 18), the administrative record (doc. 7), and the record as a whole.[2] Given his *pro se* status, Plaintiff's filings and arguments are liberally construed in his favor. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (stating that *pro se* pleadings "are entitled to a liberal construction" and that "appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief'") (citations omitted).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

**A. Procedural History**

Plaintiff originally filed for DIB and SSI in November 2007 claiming disability as a result of a number of impairments including, *inter alia*, vertebral disorder, lumbago, depressive disorder and borderline intellectual functioning. Doc. 7-2 PageID 196.

After an initial denial of his application, Plaintiff received a hearing before ALJ James I.K. Knapp on July 12, 2010. PageID 162-91. Thereafter, the ALJ issued a written decision on July 20, 2010 finding Plaintiff not disabled. PageID 196. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC"), "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" *Id.*

Thereafter, the Appeals Council denied review on July 19, 2011, making the ALJ's non-disability finding the final administrative decision of the Commissioner. *Id.* Plaintiff did not appeal ALJ Knapp's decision in federal court, thus making ALJ Knapp's non-disability finding the final decision of the Commissioner with regard to Plaintiff's initial DIB and SSI application. Accordingly, as a matter of law, Plaintiff is deemed not disabled as of July 20, 2010.

In August 2010, Plaintiff filed new applications for DIB and SSI, alleging disability as of July 21, 2010. *Id.* After an initial denial of Plaintiff's new applications, he received a hearing before ALJ David A. Redmond on September 19, 2012. *Id.* ALJ Redmond issued a written decision on December 14, 2012 finding Plaintiff not disabled. PageID 196-209. Specifically, ALJ Redmond found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC")

to perform a limited range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 201.

The Appeals Council denied Plaintiff's request for review of ALJ Redmond's decision. On appeal to this Court, Judge Rose affirmed the Commissioner's non-disability finding. *Yates v. Colvin*, Case No. 3:14cv00132, 2015 U.S. Dist. LEXIS 62742, *1 (S.D. Ohio May 13, 2015). No appeal was taken. Accordingly, Plaintiff, as a matter of law, was deemed not disabled as of the date of ALJ Redmond's decision, December 14, 2012.

On March 20, 2014, Plaintiff filed for DIB alleging disability beginning December 14, 2012.[4] PageID 82. After an initial denial of his application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on March 2, 2016. PageID 89-138. ALJ Kenyon issued a written decision on June 24, 2016 finding Plaintiff not disabled. PageID 82-90. Specifically, ALJ Kenyon found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a limited range of light work, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 87.

Thereafter, the Appeals Council denied review on September 16, 2016, making ALJ Kenyon's non-disability finding the final administrative decision of the Commissioner. PAgeID 70-72. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.967(b). An individual who can perform light work is presumed to be able to perform sedentary work, which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying article[,]" as well as "sitting, a certain amount of walking and standing[.]" *Id*. § 404.967(a).

[4] Given the procedural status of his prior applications, the Court notes this application should have referenced December 15, 2012, not December 14.

3

60 days from the Appeals Council's notice of denial in which to file his appeal"). Accordingly, on appeal, this Court reviews just the non-disability finding by ALJ Kenyon (hereafter "ALJ").

B.   **Evidence of Record**

The evidence of record is adequately summarized in the ALJ Kenyon's decision (PageID 82-90), Plaintiff's State of Errors (doc. 16) and the Commissioner's memorandum in opposition (doc. 18). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.   **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability Defined"**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

The undersigned liberally construes Plaintiff's Statement of Errors as requesting a remand pursuant to Sentence Six of 42 U.S.C. § 405(g). PageID 2550. Plaintiff also states that he was "treated unfairly" in his Social Security disability decision and further that he was denied benefits "for no reason." *Id.*

**A. Sentence Six Remand**

"To obtain a [S]entence-[S]ix remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted). The Court finds that Plaintiff fails to meet his burden to establish the existence of any of the required elements of a Sentence Six remand -- most notably, materiality.

With regard to materiality, new evidence is "material" if "a reasonable probability [exists] that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The new evidence provided to the Court for review are written opinions by Drs. Grooms and Dean which state that Plaintiff can no longer work due to his medical condition. PageID 2551, 2552. ALJs "will not give any special significance" to "statement[s] by a medical source [concluding] you are 'disabled' or 'unable to work[.]'" *See Kane v. Colvin*, No. 3:15-CV-192, 2016 WL 4054919, at *9 (S.D. Ohio July 29, 2016), *report and recommendation adopted*, No. 3:15-CV-192, 2016 WL 7103374 (S.D. Ohio Dec. 6, 2016); *see also* 20 C.F.R. § 404.927(d). As a result, the undersigned cannot find that the ALJ's conclusion would have differed had he considered these two opinions.

Accordingly, *pro se* Plaintiff's request for a Sentence Six remand should be denied.

### B. Challenge to ALJ Kenyon's Non-Disability Finding

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record, appropriately considered the medical evidence at issue, accurately determined Plaintiff's RFC, and rendered a non-disability decision properly based on the evidence before him. Accordingly, the Court finds the ALJ's non-disability decision supported by substantial evidence.

### IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; (2) Plaintiff's request for a Sentence Six remand be **DENIED**; and (3) this case be **CLOSED**.

Date:  January 5, 2018                    s/ Michael J. Newman

                                                               Michael J. Newman
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).