IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFERY R. YATES,

    Plaintiff,

vs.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

:
:
:
:
:
:
:
:
:

Case No. 3:16-cv-422

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #23); OBJECTIONS OF
PLAINTIFF, JEFFERY R. YATES, TO SAID JUDICIAL FILING (DOC. #26)
ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF,
AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Jeffery R. Yates ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 5, 2018, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #23, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to disability insurance benefits ("DIB") under the Social Security Act ("Act"), 42 U.S.C. § 301

*et seq.*, be affirmed. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #23, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES Plaintiff's Objections, Doc. #26, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In his Statement of Specific Errors, Plaintiff submitted letters from his treating medical professionals, Sherry Grooms, APRN, and Jacob T. Dean, M.D., dated August 2, 2016, and July 11, 2016, respectively. Both Ms. Grooms and Dr. Dean opined, with no supporting medical evidence or further explanation, that Plaintiff was unable to work due to Steven Johnson skin disease. Doc. #16, PAGEID #2550-52. The Magistrate Judge "liberally construe[d] Plaintiff's Statement of Errors as requesting a remand pursuant to Sentence Six of 42 U.S.C. § 405(g)." Doc. #23, PAGEID #2598. This Court may remand to the Commissioner an appeal of a final decision of the Commissioner and "order additional evidence to be taken before the Commissioner of Social Security, <u>but only upon a showing that there is new evidence which is material</u>[,] and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g) (emphasis added). New evidence is "material" if "a reasonable probability [exists] that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)).

Plaintiff alleged a disability onset date of December 14, 2012, and last met the insured status requirements of the Act for DIB on December 31, 2012, Doc. #7-2, PAGEID #84, more than three years prior to Ms. Grooms and Dr. Dean's opinions being issued. Doc. #16, PAGEID #2551-52. "Records and medical opinions from outside the insured period can only be used in 'helping to elucidate a medical condition during the time for

4

which benefits might be rewarded.'" *Bannister v. Astrue*, 730 F. Supp. 2d 946, 951 (S.D. Iowa 2010) (quoting *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006)). As Ms. Grooms and Dr. Dean's opinions were limited to the question of whether Plaintiff was capable of working, a finding reserved solely to the Commissioner, 20 C.F.R. § 416.927(d)(1, 3), it is unreasonable to infer that the ALJ would have found Plaintiff disabled based upon this new evidence. Accordingly, the Court adopts the Magistrate Judge's recommendations that Plaintiff's request for a Sentence Six remand be overruled, and that the Commissioner's finding of non-disability be affirmed.

2. The Magistrate Judge concluded that "the ALJ carefully and reasonably developed and reviewed the record, appropriately considered the medical evidence at issue, accurately determined Plaintiff's RFC, and rendered a non-disability decision properly based on the evidence before him." Doc. #23, PAGEID #2599. Plaintiff does not address that, or any other, conclusion in the Report and Recommendations in his Objections. Rather, he states that he has been diagnosed with multiple sclerosis, Doc. #26, PAGEID #2603, and attaches additional medical records from outside the above-described disability period. Doc. #26-1, PAGEID #2605 – Doc. #26-7, PAGEID #2640. To the extent that Plaintiff is renewing his request for a Sentence Six Remand, that request must be overruled for the reasons set forth above. To the extent that Plaintiff is arguing that, in light of his new diagnosis and the new medical records, he is now disabled, he must being a new application for Supplemental Security Income, rather than DIB.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #23. Plaintiff's Objections to said judicial filing, Doc. #26, and his requests for a Sentence Six Remand, Doc. #16; Doc. #26, are OVERRULED. Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's decision that Plaintiff was not disabled.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 5, 2018

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT